Reese, J.
delivered the opinion of the court.
Burt sued England before a Justice of the Peace, and the case was taken by appeal to the Circuit Court. The suit was brought to recover the amount of a promissory note for eighty-three dollars and six cents. The defendant filed a plea on oath, denying that the note, which was signed “England & Hobbs,” was his act, agreement or promise; upon which issue was taken. On the trial, it appeared in evidence that England owned a spinning factory,'which appeared to be under the superintendence and management of Hobbs. The note sued on and the signature is in the hand wilting of Hobbs. Various persons, at different times, presented to England notes and accounts signed and stated in the names of “England & Hobbs;” and some of these were sued on; all of them were paid by England; in some instances after ascertaining by enquiry that they were for articles or services furnished to the factory, he stating at the time that for articles or services thus furnished, he would pay. On none of those occasions, and to none of those persons having notes and accounts in the name of England & Hobbs, did England state that he and Hobbs were not partners. To one person, with reference to one of the notes, he did say that Hobbs had no right to sign his name, and that he would not pay it unless it turned out to be for the use of the factory. It did so turn out, and he paid it. The plaintiff proved, that a negro girl slave of his worked some time at the factory; and he offered to prove that the consideration of the note was for work done or articles furnished at the factory; to which the defendant objected, and the court excluded the testimony. The defendant offered to prove by a witness, that he, witness, once en-quired of defendant during the time Hobbs was at the factory, and before the date of the note, whether Hobbs was the partner of defendant. But the court ruled, that the witness should not answer the questions. The jury gave a verdict for the plaintiff *401 for the amount of the note with interest, under a charge of the court, which the bill of exceptions states to have been unexceptionable. The court overruled amotion for a new trial, and is stated in the bill of exceptions to have observed on that occasion, “that he did not know whether, if he had been of the jury, he would have considered the evidence sufficient to have established the existence of a partnership; that he was satisfied, from the evidence, that the consideration of the note sued on was for articles furnished and used at the defendant’s factory; that the justice of the case having been attained, he would not closely scrutinize the evidence upon which the verdict was founded.”
This court inflexibly adheres, in questions of new trial in civil cases, to a rule long since laid down for its own government, and laid down with an anxious solicitude tobe explicitly understood, not by the Circuit Judges, indeed, for whom it was never intended and to whose action it would be inappropriate, but by parties and counsel interested in bringing such .cases into this court. And this rule, we have had occasion to repeat, in numerous instances, at .every term of the court during the last eight years. The rule is, that in- -matters of fact in civil cases, upon which a jury has rendered a verdict, which the Circuit Judge presiding has refused to set aside, we will affirm the judgment of the Circuit Court, unless there be a great preponderance of evidence against the verdict. This rule is here adopted upon the most obvious necessity. If four witnesses testify before the jury on the side of the plaintiff, to a given state of facts, and two witnesses testify to opposing facts, on the side of the defendant, and the verdict is for the defendant, and the presiding Judge refuses to set aside the verdict, how shall this court know, on what ground have they to believe, that the jury and Circuit Judge erred, and that the verdict and judgment should have been for the plaintiff? The verdict and judgment in such a case may have been just as they ought to have been. We do not seé or hear the witnesses,- — cannot mark their manner, — cannot be impressed with their greater or less intelligence; their greater or less respectability. Hence, as we have said, from the most obvious necessity, we have adopted, and we enforce the rule, from no affectation of any *402 overweening respect or deference for the mere verdict of an ordinary jury, but mainly because we rely upon the enlightened judgment and dispassionate firmness of the Circuit Judge, presiding, who has heard all the proof, seen all the witnesses, weighed all the arguments, and to whom the very counsel who have argued the case, make the motion for a new trial, while the matter is yet recent. If this judge, whose duty it obviously is, to grant a new trial, if he is dissatisfied With the verdict, refuse, under such circumstances, to do so, how can we feel assured that we are not doing injustice here, to grant a new trial? But our rule, as we have said, is for ourselves; not for the Circuit Judges. And the fact that such is our rule, so far from absolving them from the observance of the common law rules applicable to the granting of new trials, in nisi prius courts, imposes another or weightier obligation to enforce those rules, lest injustice be done by permitting verdicts to stand which ought to be set aside. These remarks are not called for by any thing existing in this record; but we make them because we have been often assured of the existence of what seems scarcely credible, an opinion, on the part of some, that our oft-repeated rule was intended by us for adoption and observance by the Circuit Courts. The Judge in this case says he was satisfied with the verdict, and he let It stand; and there are facts proved in the record upon which it can stand. As the Circuit Court let it alone, so do we.
There was no error in the Circuit Court in refusing to permit the witness at the instance of defendant to state his response to witness’s enquiry whether or not he was a partner of Hobbs. That enquiry was isolated; was not a part of any transactions arising in or connected with the case. What defendant said on the subject, when any note or account in the name of “England & Hobbs” was presented-to him, it would have been competent to have heard as part of the res gestee. But the enquiry in question was of a different character.
We affirm the judgment.